The City of New York, Respondent, *v.* John Nelson, Appellant.

Court of Special Sessions of the City of New York, December 19, 1924.

**Crimes — disorderly person — prosecution of defendant upon charge of being disorderly person in that he failed to support wife — error to limit defendant's cross-examination of wife as to legitimacy of unborn child.**

A judgment convicting the defendant of being a disorderly person for failure to support his wife should be reversed, where defendant was limited in his cross-examination of his wife as to facts concerning the legitimacy of an unborn child, and the wife, appearing as a hostile witness, made the fact of her pregnancy an issue, since cross-examination was the only method defendant had of testing the veracity of his wife and to limit said examination was prejudicial.

Appeal from a judgment of conviction had in the Family Court, borough of Brooklyn, on July 30, 1924, adjudging the appellant guilty of being a disorderly person and from the order directing him to furnish a bond in the sum of $520 to pay to the clerk of said court $10 per week for the support of his wife.

*Thomas O'Rourke Gallagher,* for the appellant.

*George P. Nicholson, Corporation Counsel [Henry J. Shields* of counsel], for the respondent.

Per Curiam:

We think that errors of the trial court in limiting appellant's cross-examination of the complainant require a reversal of the order, and direction of a new hearing.   Part of the complainant's case was the fact of her pregnancy, aided by the presumption that such condition was created legitimately. · Thus her testimony was, in effect, that she was pregnant by her husband, the appellant.   Code of Criminal Procedure (§ 8) included, we think, all pertinent inquiry concerning this element of the evidence for the prosecution.   The ruling, excluding questions having for apparent purpose support of the charge suggested for the defense that the condition resulted from illicit intercourse, is defended under the doctrine of the incompetency of husband or wife to give testimony of non-access of the spouses in order to show illegitimacy of the offspring.   That doctrine originated in a dictum of Lord Mansfield (See 3 Wigm. Ev. § 2063; *People ex rel.' Crandall* v. *Overseers, etc.,* 15 Barb. 286), and the reason for the rule should be considered in determining its application.   We think it ought not to be applied to prevent full cross-examination of a spouse who testifies to sustain a cause which depends upon legitimacy to support it.   In an issue involving adultery the statute only forbids one spouse to testify *against* the

other.  (Civ. Prac. Act, § 349.)  But, as far as we can ascertain, the right of one spouse to cross-examine on any issue the other spouse appearing as a hostile witness has never been challenged. It is even competent for a married woman to testify to her own illicit intercourse with a person charged as father in a bastardy proceeding.  (*People ex rel. Crandall* v. *Overseers, etc., supra*, 292; *Chamberlain* v. *People*, 23 N. Y. 85, 90.)  It seems that under our statute law, husband or wife may now, save as to confidential communications and the other exception in the section cited above, testify for or against the other as fully as may any other witness. (See Penal Law, §§ 1091, 2445.)

In this case, however, the witness cross-examined cannot be said in any true sense to be testifying in favor of the cross-examiner. The right to cross-examine is the right to have the truth divulged and no more important right of an accused defendant exists.   That the right of self-protection of one accused to test by proper method the veracity of his accuser should be denied him because of respect for a tradition conceived in a spirit of regard for decency, is not, we think, a correct conclusion.

Judgment of conviction reversed on the law, the facts not having been passed upon, and a new hearing ordered.   It is hereby ordered that the appellant present himself before the Family Court, borough of Brooklyn, on January 5, 1925, at the opening of court so that a date may be set for the new hearing as ordered by this court.